UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEROME HARDENE, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:07CV1062 JCH |
| | ) |
| JEREMIAH W. NIXON, et al.[1], | ) |
| | ) |
|     Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Jerome Hardene's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The matter is fully briefed and ready for disposition.

On April 14, 2000, Petitioner entered a plea of guilty in the Circuit Court of St. Charles County, Missouri, to one count of forgery. Petitioner was sentenced to six years imprisonment, but the Circuit Court suspended the sentence, and placed Petitioner on five years probation. Petitioner did not appeal his conviction or sentence.

The St. Charles County Circuit Court later revoked Petitioner's probation, and executed the six-year sentence. Petitioner then filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 on January 26, 2004, which was denied after an evidentiary hearing.

---

[1] According to Respondent Nixon, Petitioner currently is imprisoned in federal prison at FCI Pekin. (Response to Order to Show Cause, P. 1 n. 1). Respondent Nixon thus requests that Warden Mike Ciolla, FCI Pekin warden, be added as a Respondent. Respondent Nixon further requests that Roy Mueller be dismissed as a Respondent in this matter, as he does not have custody of Petitioner. Upon consideration, the Court will grant both Respondent Nixon's requests.

[2] Although Petitioner currently is being held in a Federal Correctional Institution, in the instant petition he challenges his prior conviction in a Missouri State Court.

(Resp. Exh. B, PP. 57-75, 104-106). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Hardene v. State, 191 S.W.3d 680 (Mo. App. 2006).

Petitioner is currently incarcerated at FCI Pekin in Pekin, Illinois. In the instant petition for writ of habeas corpus, Petitioner raises the following claim for relief: That Petitioner received ineffective assistance of counsel, in that trial counsel permitted him to plead guilty when he was taking Vicodin to relieve pain caused by a prior accident. (§ 2254 Petition, P. 6).[3]

## DISCUSSION

As stated above, in his sole ground for relief, Petitioner asserts he received ineffective assistance of counsel, in that trial counsel permitted him to plead guilty when he was taking Vicodin to relieve pain caused by a prior accident. (§ 2254 Petition, P. 6). Petitioner raised this claim in his Amended Rule 24.035 motion for post-conviction relief, and the motion court denied the claim as follows:

> The Court notes that the only evidence that Movant[4] was on Vicodin at the time of his plea, comes from his deposition testimony. Medical records offered by Movant all date from well after his guilty plea. Further, Movant's testimony is directly contradicted by the plea form signed by Movant at the time of his plea. In paragraph 19 of that form, Movant initialed a paragraph which stated that he had taken no drugs or alcohol within the last forty-eight hours. Paragraph 20 of that same form reads as follows: "My mind is clear. I am wide awake and alert. Any medication or drugs which I may have taken does not presently affect my mental awareness or ability to understand what I am saying, doing or being told." Finally, paragraph 23 of that form states "I am mentally prepared to proceed with my proposed plea of guilty." Each page of that plea form was signed by Movant and witnessed by his attorney, Paul H. Kaiser.
>
> In addition, his attorney at the time of the plea, Paul H. Kaiser, testified that Hardene was alert and not under the influence of drugs when he pleaded guilty. He also indicated that when he met with Hardene several days prior to the plea to discuss

---

[3] Petitioner asserts his drugged state rendered his plea involuntary. (§ 2254 Petition, P. 6).

[4] Petitioner is referred to as "Movant" in the State Court's Findings of Facts and Conclusions of Law.

the State's recommendation, defendant was alert and lucid and fully understood the State's agreement. Movant never mentioned to Mr. Kaiser, at any time, that he was taking Vicodin.

The Court finds Mr. Hardene's testimony not to be credible. Mr. Hardene has failed to establish, by any believable evidence that, due to Vicodin, his ability to understand the nature of his guilty plea was in any way impaired.

NOW WHEREFORE, it is the order of this court that Movant's Rule 24.035 motion be DENIED. Movant received effective representation of counsel and entered his plea of guilty knowingly and intelligently.

(Resp. Exh. B, PP. 105-106). Petitioner advanced the claim on appeal of the denial of his 24.035 motion, and the Missouri Court of Appeals denied the claim as follows:

In his sole point on appeal, Movant contends the motion court erred in denying his Rule 24.035 motion because the evidence at the hearing established that plea counsel did not act as a reasonably competent attorney in the same or similar circumstances in that counsel allowed Movant to plead guilty when Movant was taking Vicodin because of pain from a broken leg. Movant claims he was prejudiced by counsel's ineffectiveness because if Movant had been able to understand what effect the Vicodin had on his ability to think clearly, he would not have pleaded guilty, but would have proceeded to trial instead. We disagree....

In order to prevail on a claim of ineffective assistance of counsel, a movant is required to show by a preponderance of the evidence that (1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and (2) Movant was prejudiced by counsel's deficient performance. [Worthington v. State, 166 S.W.3d 566, 572-73 (Mo. banc 2005)], citing Strickland v. Washington, 466 U.S. 668 (1984). In order to show prejudice in a guilty plea case, a movant must prove that, but for the errors of counsel, he would not have pleaded guilty and would have demanded a trial. Id. at 573. Where, as here, a movant pleads guilty, claims of ineffective assistance of counsel are considered only insofar as they allege counsel's performance affected the voluntariness or understanding with which the plea of guilty was entered. State v. Roll, 942 S.W.2d 370, 375 (Mo. banc).

It has been held on numerous occasions that the mere ingestion of drugs is insufficient to render a person incapable of pleading guilty. See Tyler v. State, 787 S.W.2d 778, 780 (Mo. App. E.D. 1990); Green v. State, 792 S.W.2d 15, 17 (Mo. App. E.D. 1990); Porter v. State, 928 S.W.2d 1, 2 (Mo. App. S.D. 1996); McGinnis v. State, 764 S.W.2d 653, 655 (Mo. App. E.D. 1988). Recent drug ingestion will fail to invalidate a guilty plea where the person remains able to understand and assent freely to his conviction. Tyler, 787 S.W.2d at 780.

Here, the motion court found Movant failed to establish by "any believable evidence that, due to Vicodin, his ability to understand the nature of his guilty plea was in any way impaired." In his deposition, Movant testified he was taking Vicodin at the time of his guilty plea for pain relief from a leg injury. Movant stated that the Vicodin made him "groggy and un-oriented," which interfered with []his ability to understand the plea proceedings.

At the hearing on the motion, Movant's plea counsel testified that he had met with Movant and went over the plea beforehand, and Movant told him he had not taken any medication that would interfere with his ability to concentrate or know what he was doing. Plea counsel also testified [he] did not believe Movant appeared to be under the influence of any drugs. In fact, he testified that Movant was "quite chipper" and "was in a very good mood."

The motion court also admitted Movant's medical records, but these records were dated well after the date of his guilty plea, and did not establish that Movant was on Vicodin at the time of his plea. The only evidence presented to establish Movant was taking Vicodin at the time of his guilty plea was Movant's own testimony at the evidentiary hearing, which the motion court specifically found not credible. The motion court is entitled to believe or disbelieve the testimony of any witness, whether contradicted or disputed, and we must defer to that credibility finding. Rhodes v. State, 157 S.W.3d 309, 313 (Mo. App. S.D. 2005). The motion court's findings of fact and conclusions of law are not clearly erroneous. Point denied.

(Resp. Exh. F, PP. 2-4).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[5] Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. In the context of a guilty plea, to demonstrate prejudice Petitioner must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. at 59.

With respect to Petitioner's claim his trial counsel was ineffective for permitting him to plead guilty when he was taking Vicodin to relieve pain caused by a prior accident, the Court holds it need not consider whether Petitioner's counsel's performance was deficient, as Petitioner fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged error, he would have insisted on proceeding to trial. Rather, the Court notes Petitioner signed a Petition to Enter Plea of Guilty in State Court, which stated in relevant part as follows:

19. I am not now on any medication, nor have I had any drugs or alcohol within the last 48 hours....

20. I am not now sleepy or drowsy. My mind is clear. I am wide awake and alert. Any medication or drugs which I may have taken does not presently affect my mental awareness or my ability to understand what I am saying, doing or being told....

---

[5] The Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

26. I am satisfied with my attorney's services. My attorney has done everything I have asked him or her to do on my case. He or she has not refused to do anything I have asked on my case. He or she has not done anything on my case which I have not wanted him or her to do. I have no complaints whatsoever about my attorney's services on my case. If I had any complaints about my attorney's services, I would not be afraid to say so and tell the Court about it in front of my attorney.

(Resp. Exh. B, PP. 15, 16, 17). Furthermore, during the guilty plea proceeding, the St. Charles County Circuit Court Judge questioned Petitioner extensively regarding his decision to plead guilty, as follows:

> THE COURT: I'm going to hand this [Petition to Enter Plea of Guilty in State Court] down to you and ask you to look at it, sir, and tell me if that is your signature on every page?
>
> PETITIONER: Yes, Your Honor.
>
> THE COURT: Before you signed that petition, did you have a chance to read it?
>
> PETITIONER: Yes, I did.
>
> THE COURT: After the blanks were filled in, did you go over it with your lawyer?
>
> PETITIONER: Yes, sir.
>
> THE COURT: Did you ask him questions about it?
>
> PETITIONER: Yes, I did, your Honor.
>
> THE COURT: Did Mr. Kiser [sic] answer all of your questions?
>
> PETITIONER: Yes, he did, your Honor.
>
> THE COURT: As you sit there right now, do you have any questions about the petition to enter a plea of guilty?
>
> PETITIONER: No, your Honor.
>
> THE COURT: Has anybody promised you anything to get you to plead guilty?

| | |
|---|---|
| PETITIONER: | No, sir. |
| THE COURT: | Anybody threatened you or coerced you? |
| PETITIONER: | No, your Honor.... |
| THE COURT: | And you still want me to accept your plea of guilty? |
| PETITIONER: | Yes, sir. |
| THE COURT: | Very well. |

(Resp. Exh. B, PP. 29-30, 33). Based on Petitioner's representations during his Change of Plea proceeding, the State Court Judge held as follows:

| | |
|---|---|
| THE COURT: | Court accepts your plea of guilty. Court finds the plea to be made intelligently, voluntarily and with the understanding of the nature of the charge and understanding of the defendant's rights. |

(Id., P. 33).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This Court thus finds that Petitioner's own testimony demonstrates he voluntarily pled guilty, while not under the influence of any drugs or medication, and further received effective assistance of counsel. Smith, 921 F.2d at 157.

In addition to the foregoing, the Court notes the Missouri State Court heard testimony regarding Petitioner's alleged ingestion of Vicodin from Petitioner's attorney, Mr. Paul Kaiser, as follows:

Question (by Mr. Philip Groenweghe, attorney for the State of Missouri):
    When you advised him of his plea agreement, did [Petitioner] appear lucid? Did he understand what you were talking about?

Answer (by Mr. Kaiser):    Oh, yeah, every time, yes, yes.

Question:    Did he appear that he was sleepy or under the influence of drugs?

| | |
|---|---|
| Answer: | No.... |
| Question: | And did he seem under the influence of any kind of drugs or tired or fatigued at that time? |
| Answer: | Not that I could tell....I always ask [Defendants, at the time of their guilty plea] how they are feeling or if they are under any psychotropic medication or anything of that nature. |
| Question: | How did Mr. Hardene respond to those inquiries? |
| Answer: | He responded that he was not under any, he did not have any medications that would affect his ability to concentrate or know what he was doing. |
| Question: | Was that representation he made with you consistent with your observation of his demeanor and interaction with you? |
| Answer: | Yes, he looked quite chipper to me that day. He was in a very good mood.... |
| Question: | Did he ever claim to you, Mr. Hardene, that he was under the influence of Vicodin or that he was taking Vicodin? |
| Answer: | No. |

(Resp. Exh. A, PP. 9, 11, 14, 15).

Based on the foregoing, this Court finds the decision of the Missouri courts is entitled to deference. In other words, the decision was neither contrary to, nor an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Ground 1 must therefore be denied.[6]

## CONCLUSION

Accordingly,

---

[6] In light of this Court's denial of Petitioner's claim on the merits, it need not consider Respondents' assertion that Petitioner's § 2254 Petition was untimely filed.

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claim is **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 21st day of February, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE